NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0026n.06

No. 09-2493

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Jan 12, 2011**
LEONARD GREEN, Clerk

KATHLEEN DOLAN,                                )
                                               )
    **Plaintiff-Appellant,**                 )    **ON APPEAL** FROM THE
                                               )    UNITED STATES DISTRICT
v.                                             )    COURT FOR THE EASTERN
                                               )    DISTRICT OF MICHIGAN
CITY OF ANN ARBOR and                          )
FIFTEENTH DISTRICT COURT,                       )
                                               )    **O P I N I O N**
    **Defendants-Appellees.**                )
                                               )
_____        )

Before:  MOORE, GIBBONS, and McKEAGUE, Circuit Judges.

**KAREN NELSON MOORE, Circuit Judge.**  Kathleen Dolan filed this lawsuit against her former employer, the Fifteenth District Court in Ann Arbor, Michigan, which is a trial-level court in the Michigan state-court system, and the City of Ann Arbor, after she was terminated from her position at the court as a deputy court clerk on December 4, 2006.  Dist. Ct. Dkt. ("Doc.") 43 (Amended Complaint) at 2–3.  Her sole claim is based on the self-care provisions of the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA"), and she seeks damages, reinstatement, and an injunction.  *Id.* at 3–4.  The district court dismissed this suit on the ground that the Fifteenth District Court is an "arm of the state," and is therefore protected by sovereign immunity under the Eleventh Amendment from suit in federal court on FMLA claims of the kind presented by Dolan.  Doc. 49 (Opinion and Order) at 21.  Furthermore, because the liability of the Fifteenth District Court

was a necessary precondition to the liability of the city, the district court's holding of sovereign immunity with respect to the Fifteenth District Court required dismissal of the claim against the city, as well. *Id.* at 4, 21.

Dolan appealed this decision on November 23, 2009, but, subsequent to the filing of the briefs in this appeal, another panel of this court issued a published opinion directly relevant to this case. In *Pucci v. Nineteenth District Court*, __ F.3d __, No. 08-2017, 2010 WL 5110209 (6th Cir. Dec. 16, 2010), this court considered whether another trial-level court in Michigan, the Nineteenth District Court, was protected by sovereign immunity under the Eleventh Amendment against claims brought under 42 U.S.C. § 1983. This court evaluated the relevant precedents and applied the factors used to determine whether an entity is protected by sovereign immunity that are set out in *Ernst v. Rising*, 427 F.3d 351, 358 (6th Cir. 2005) (en banc). *Pucci*, 2010 WL 5110209, at *5–*9. We ultimately held in *Pucci* that "[t]he Nineteenth District Court (as with Michigan trial-level district courts generally) is entitled to the immunity protections of the Eleventh Amendment, and all federal claims against it must be dismissed." *Id.* at *9. *See also id.* at *6 (stating that the *Ernst* factors "compel[] a finding that Michigan's district courts . . . are arms of the state for sovereign-immunity purposes").

In light of this opinion, we requested a supplemental brief from Dolan addressing the impact of *Pucci* on this case. In her supplemental brief, Dolan "recognizes that the holding in *Pucci*, as applied to this case would result in a finding of sovereign immunity for the Fifteenth (15th) District Court and affirmance of the District Court's grant of Summary Judgment." Dolan Supp. Br. at 2.

2

Nonetheless, Dolan "requests that this Court review the factors used to determine whether the appellants in *Pucci* were entitled to immunity because the factors used to determine whether an entity is an arm of the state ha[ve] not been consistently applied in past cases addressing the issue of Eleventh Amendment immunity in this Circuit." *Id.* More specifically, Dolan points to the fact that the City of Ann Arbor is the local funding unit of the Fifteenth District Court, which means that the city, and not the state, could bear the financial burden of any judgment rendered against the court. *Id.* at 5. She argues that this fact should have played a greater role in both *Pucci* and the district court here. *Id.* at 3–7. In so arguing, however, she seeks to have this court issue a holding directly contrary to that in *Pucci* on the basis of case law that preceded this court's en banc opinion in *Ernst*. *See id.* at 4 (citing *S.J. v. Hamilton County*, 374 F.3d 416 (6th Cir. 2004)).

We must decline this invitation. It is well established that "[a] panel of this Court cannot overrule the decision of another panel. The prior decision remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or this Court sitting en banc overrules the prior decision." *Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 689 (6th Cir. 1985). Dolan has not pointed to an inconsistent decision of the Supreme Court or an en banc decision of this court overruling either *Pucci* or *Ernst*. Consequently, *Pucci* is controlling. We therefore **AFFIRM** the judgment below.